**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

FILED

MAY 21 2024

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____RP_____, DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-130-SLP** |
| | ) | |
| **DENIS LEAL GUTIERREZ,** | ) | **Violations: 21 U.S.C. § 846** |
| **CESAR AZAMAR AGUILAR,** | ) | **21 U.S.C. § 841(a)(1)** |
| **MICHAEL J. ESTRADA,** | ) | **18 U.S.C. § 2** |
| **RAY DAVID LARA, JR.,** | ) | **18 U.S.C. § 922(g)(1)** |
| **ADRIAN PEREZ,** | ) | **18 U.S.C. § 924(c)(1)(A)(i)** |
| **JOSE ALFREDO EQUIHUA,** | ) | **18 U.S.C. § 1956(h)** |
| **HERIBERTO DOÑAN OCHOA,** | ) | **18 U.S.C. § 1956(a)(1)(B)(i)** |
| **EDGAR RODRIGUEZ ONTIVEROS,** | ) | **18 U.S.C. § 1956(a)(2)(B)(i)** |
| **LUIS ALBERTO ROJAS PRECIADO,** | ) | **18 U.S.C. § 924(d)** |
| **ADAN GARCIA MIRANDA,** | ) | **18 U.S.C. § 982(a)(1)** |
| **JORGE RAUL VEGA GARCIA,** | ) | **21 U.S.C. § 853** |
| **PHILLIP RAY HOWARD,** | ) | **28 U.S.C. § 2461(c)** |
| **BRAULIO PADILLA,** | ) | |
| **JUAN HERNANDEZ FLORES, and** | ) | |
| **JESSICA GUADALUPE MARTINEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUPERSEDING INDICTMENT

The Federal Grand Jury charges:

**COUNT 1**
**(Drug Conspiracy)**

From in or about February 2021, the exact date being unknown to the Grand Jury, and continuing thereafter through on or about April 2, 2024, in the Western District of Oklahoma and elsewhere,

------------------------------------ **DENIS LEAL GUTIERREZ,**
**CESAR AZAMAR AGUILAR,**
**MICHAEL J. ESTRADA,**

**RAY DAVID LARA, JR.,**
**ADRIAN PEREZ,**
**JOSE ALFREDO EQUIHUA,**
**HERIBERTO DOÑAN OCHOA,**
**EDGAR RODRIGUEZ ONTIVEROS,**
**LUIS ALBERTO ROJAS PRECIADO**
**ADAN GARCIA MIRANDA,**
**JORGE RAUL VEGA GARCIA,**
**PHILLIP RAY HOWARD, and**
**BRAULIO PADILLA** ---------------------------------------

knowingly and intentionally conspired, combined, confederated, and agreed with each other and others, both known and unknown to the Grand Jury, to interdependently possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**MANNER AND MEANS OF THE CONSPIRACY**

The objects of the conspiracy were accomplished by the following means, among others:

1. During the period of the conspiracy, Unindicted Coconspirator 1 (UCC1) was a high-ranking member of a drug-trafficking organization (the "DTO") based in Mexico. This organization was responsible for importing methamphetamine from Mexico into the United States, distributing that methamphetamine throughout Oklahoma, and collecting drug proceeds for return to Mexico.

2. To import its liquid methamphetamine into the United States, the DTO relied on trusted individuals in and around the area of McAllen, Texas. One of these individuals, **DENIS LEAL GUTIERREZ**, was the owner and operator of Dare Express LLC, a

trucking company. **DENIS LEAL GUTIERREZ** and **CESAR AZAMAR AGUILAR** coordinated the importation of the DTO's liquid methamphetamine into the United States and arranged for that liquid methamphetamine to be placed in the gas tanks of semi-trucks belonging to **DENIS LEAL GUTIERREZ's** companies, which were then driven to the Western District of Oklahoma by DTO members, including **MICHAEL J. ESTRADA**.

3. Once the semi-truck containing liquid methamphetamine arrived in the Western District of Oklahoma, DTO members were responsible for extracting that liquid methamphetamine out of the gas tank of the semi-truck. During the period of the conspiracy, DTO members would extract the liquid methamphetamine at various locations, including a warehouse at 701 SE 29th Street, Oklahoma City, Oklahoma, and a rural property at 17500 Midnight Drive, Newalla, Oklahoma. Individuals who assisted in the extraction of the liquid methamphetamine included the semi-truck driver, **MICHAEL J. ESTRADA**, as well as drug distributors and lab workers for the DTO, such as **RAY DAVID LARA, JR.**, **ADRIAN PEREZ**, **JOSE ALFREDO EQUIHUA**, **HERIBERTO DOÑAN OCHOA**, **EDGAR RODRIGUEZ ONTIVEROS**, and **LUIS ALBERTO ROJAS PRECIADO**. These individuals would also, after extracting the liquid methamphetamine from the semi-truck's gas tanks, transport that liquid methamphetamine to rural properties that housed the DTO's methamphetamine conversion labs, including at 980801 S. Stage Coach Drive, Wellston, Oklahoma, and 21845 Lilly Drive, Tecumseh, Oklahoma. When law enforcement executed a search warrant at the Stage Coach Lab on December 8, 2023, it found more than 1,000 lbs. of crystal and liquid methamphetamine, as well as evidence of a fully functioning methamphetamine conversion lab.

4. During the period of the conspiracy, certain DTO members were also tasked with converting the liquid methamphetamine to crystal form and/or storing the crystal methamphetamine for later distribution. These people included, among others, **JOSE ALFREDO EQUIHUA**, **ADAN GARCIA MIRANDA**, **HERIBERTO DOÑAN OCHOA**, **EDGAR RODRIGUEZ ONTIVEROS**, **LUIS ALBERTO ROJAS PRECIADO**, **JORGE RAUL VEGA GARCIA**, and **PHILLIP RAY HOWARD**.

5. Once the liquid methamphetamine was converted, the DTO relied on trusted distributors to deliver its crystal methamphetamine to customers across the state. These distributors included **RAY DAVID LARA, JR.**, **ADRIAN PEREZ**, and **BRAULIO PADILLA**.

The Grand Jury incorporates by reference all statements and allegations contained in Counts 2 through 27 inclusive, as though fully set forth herein.

All in violation of Title 21, United States Code, Section 846, the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

**<u>COUNT 2</u>**
**(Distribution of Methamphetamine)**

On or about March 7, 2023, in the Western District of Oklahoma,

------------------------------------ **RAY DAVID LARA, JR.**, -----------------------------------

knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, to a confidential source.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

**COUNT 3**
**(Distribution of Methamphetamine)**

On or about April 20, 2023, in the Western District of Oklahoma,

--------------------------------- **RAY DAVID LARA, JR., and ADRIAN PEREZ** -----------------------------------------------

knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, to a confidential source.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 4**
**(Distribution of Methamphetamine)**

On or about May 10, 2023, in the Western District of Oklahoma,

------------------------------------ **MICHAEL J. ESTRADA** ------------------------------------

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, to **RAY DAVID LARA, JR., EDGAR RODRIGUEZ ONTIVEROS, LUIS ALBERTO ROJAS PRECIADO,** and **HERIBERTO DOÑAN OCHOA** at 701 SE 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 5**
**(Possession of Methamphetamine with Intent to Distribute)**

On or about May 10, 2023, in the Western District of Oklahoma,

--------------------------------- **RAY DAVID LARA, JR., HERIBERTO DOÑAN OCHOA, EDGAR RODRIGUEZ ONTIVEROS, and LUIS ALBERTO ROJAS PRECIADO** ----------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 6**
**(Distribution of Methamphetamine)**

On or about May 21, 2023, in the Western District of Oklahoma,

------------------------------------- **MICHAEL J. ESTRADA** -----------------------------------

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, to **RAY DAVID LARA, JR., EDGAR RODRIGUEZ ONTIVEROS, LUIS ALBERTO ROJAS PRECIADO**, and **HERIBERTO DOÑAN OCHOA** at 701 SE 29th Street, Oklahoma City.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 7**
**(Possession of Methamphetamine with Intent to Distribute)**

On or about May 21, 2023, in the Western District of Oklahoma,

---------------------------------- **RAY DAVID LARA, JR., HERIBERTO DOÑAN OCHOA, EDGAR RODRIGUEZ ONTIVEROS, and LUIS ALBERTO ROJAS PRECIADO** -----------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 8**
**(Distribution of Methamphetamine)**

On or about June 7, 2023, in the Western District of Oklahoma,

------------------------------------ **MICHAEL J. ESTRADA** ------------------------------------

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, to **RAY DAVID LARA, JR., LUIS ALBERTO ROJAS PRECIADO**, and **HERIBERTO DOÑAN OCHOA** at 701 SE 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

**COUNT 9**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about June 7, 2023, through on or about June 8, 2023, in the Western District of Oklahoma,

-------------------------------- **RAY DAVID LARA, JR., HERIBERTO DOÑAN OCHOA, and LUIS ALBERTO ROJAS PRECIADO** ----------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma, and at 980801 S. Stage Coach Drive, Wellston Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 10**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about July 7, 2023, through on or about July 8, 2023, in the Western District of Oklahoma,

-------------------------------- **RAY DAVID LARA, JR., EDGAR RODRIGUEZ ONTIVEROS, and LUIS ALBERTO ROJAS PRECIADO** ----------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma, and at 980801 S. Stage Coach Drive, Wellston, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 11**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about July 11, 2023, through on or about July 13, 2023, in the Western District of Oklahoma,

---------------------------------- **RAY DAVID LARA, JR.,**
**EDGAR RODRIGUEZ ONTIVEROS, and**
**LUIS ALBERTO ROJAS PRECIADO** -----------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma, and at 980801 S. Stage Coach Drive, Wellston, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 12**
**(Distribution of Methamphetamine)**

On or about September 1, 2023, in the Western District of Oklahoma,

------------------------------------ **MICHAEL J. ESTRADA** ------------------------------------

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, to **RAY DAVID LARA** and **EDGAR RODRIGUEZ ONTIVEROS** at 221 SW 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

**COUNT 13**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about September 1, 2023, through on or about September 2, 2023, in the Western District of Oklahoma,

--------------------------------- **RAY DAVID LARA, JR., and**
**EDGAR RODRIGUEZ ONTIVEROS** ------------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 221 SW 29th Street, Oklahoma City, Oklahoma, and 980801 S. Stage Coach Drive, Wellston, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 14**
**(Distribution of Methamphetamine)**

On or about November 10, 2023, in the Western District of Oklahoma,

------------------------------------ **MICHAEL J. ESTRADA** ------------------------------------

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, to **RAY DAVID LARA, JR., ADRIAN PEREZ, JOSE ALFREDO EQUIHUA,** and **EDGAR RODRIGUEZ ONTIVEROS** at 701 SE 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 15**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about November 10, 2023, through on or about November 14, 2023, in the Western District of Oklahoma,

------------------------------------ **RAY DAVID LARA, JR.,**
**ADRIAN PEREZ,**
**JOSE ALFREDO EQUIHUA, and**
**EDGAR RODRIGUEZ ONTIVEROS** ---------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma, and at 980801 S. Stage Coach Drive, Wellston, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 16**
**(Distribution of Methamphetamine)**

On or about November 17, 2023, in the Western District of Oklahoma,

------------------------------------ **MICHAEL J. ESTRADA** ------------------------------------

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, to **RAY DAVID LARA, JR., ADRIAN**

**PEREZ, JOSE ALFREDO EQUIHUA,** and **EDGAR RODRIGUEZ ONTIVEROS** at 701 SE 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

**COUNT 17**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about November 17, 2023, through on or about November 18, 2023, in the Western District of Oklahoma,

-------------------------------- **JOSE ALFREDO EQUIHUA and**
**EDGAR RODRIGUEZ ONTIVEROS** --------------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma, and at 980801 S. Stage Coach Drive, Wellston, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 18**
**(Distribution of Methamphetamine)**

On or about December 6, 2023, in the Western District of Oklahoma,

------------------------------------ **MICHAEL J. ESTRADA** ------------------------------------

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, to **JOSE ALFREDO EQUIHUA** and

**EDGAR RODRIGUEZ ONTIVEROS** at 701 SE 29th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

**<u>COUNT 19</u>**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about December 6, 2023, through on or about December 8, 2023, in the Western District of Oklahoma,

------------------------------ **JOSE ALFREDO EQUIHUA and**
**EDGAR RODRIGUEZ ONTIVEROS** -------------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 701 SE 29th Street, Oklahoma City, Oklahoma, and at 980801 S. Stage Coach Drive, Wellston, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**<u>COUNT 20</u>**
**(Possession of Methamphetamine with Intent to Distribute)**

From on or about March 28, 2024, through on or about April 1, 2024, in the Western District of Oklahoma,

------------------------------- **ADAN GARCIA MIRANDA and**
**JORGE RAUL VEGA GARCIA** -------------------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 21845 Lilly Drive,

Tecumseh, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 21**
**(Possession of Methamphetamine with Intent to Distribute)**

On or about April 1, 2024, in the Western District of Oklahoma,

---------------------------------- **PHILLIP RAY HOWARD** ------------------------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 17500 Midnight Drive, Newalla, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 22**
**(Felon in Possession of a Firearm)**

On or about April 1, 2024, in the Western District of Oklahoma,

---------------------------------- **PHILLIP RAY HOWARD,** ----------------------------------

with knowledge that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, specifically an SCCY, model CPX-2, 9mm caliber handgun, bearing serial number 656297, which was in and affecting interstate or foreign commerce in that said firearm had previously crossed state lines to reach Oklahoma.

All in violation of Title 18, United States Code, Section 922(g)(1), the penalty for which is found at Title 18, United States Code, Section 924(a)(8).

**COUNT 23**
**(Possession of Methamphetamine with Intent to Distribute)**

On or about April 1, 2024, in the Western District of Oklahoma,

----------------------------------------- **ADRIAN PEREZ** -----------------------------------------

knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 3149 N Portland Avenue, Apartment 103, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(B).

**COUNT 24**
**(Felon in Possession of a Firearm)**

On or about April 1, 2024, in the Western District of Oklahoma,

----------------------------------------- **ADRIAN PEREZ,** -----------------------------------------

with knowledge that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, specifically a Davis Industries Derringer, model D038, .38 SPL caliber pistol, bearing serial number D113033, which was in and affecting interstate or foreign commerce in that said firearm had previously crossed state lines to reach Oklahoma.

All in violation of Title 18, United States Code, Section 922(g)(1), the penalty for which is found at Title 18, United States Code, Section 924(a)(8).

**COUNT 25**
**(Possession of a Firearm in Furtherance of a Drug-Trafficking Crime)**

On or about April 1, 2024, in the Western District of Oklahoma,

---------------------------------------- **ADRIAN PEREZ** ---------------------------------------

knowingly possessed a firearm, specifically a Davis Industries Derringer, model D038, .38 SPL caliber pistol, bearing serial number D113033, in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, that is, a drug conspiracy and possession of methamphetamine with intent to distribute, as charged in Counts 1 and 23, respectively.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**COUNT 26**
**(Possession of Methamphetamine with Intent to Distribute)**

On or about April 2, 2024, in the Western District of Oklahoma,

------------------------------------- **BRAULIO PADILLA** -------------------------------------

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, at 420 SE 16th Street, Oklahoma City, Oklahoma.

All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

**COUNT 27**
**(Felon in Possession of a Firearm)**

On or about April 2, 2024, in the Western District of Oklahoma,

------------------------------------- **BRAULIO PADILLA,** ------------------------------------

with knowledge that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, specifically a Taurus, model G2C, 9mm caliber pistol with an obliterated serial number, which was in and affecting interstate or foreign commerce in that said firearm had previously crossed state lines to reach Oklahoma.

All in violation of Title 18, United States Code, Section 922(g)(1), the penalty for which is found at Title 18, United States Code, Section 924(a)(8).

**COUNT 28**
**(Money Laundering Conspiracy)**

From in or about March 2021, the exact date being unknown to the Grand Jury, and continuing thereafter through on or about May 21, 2024, in the Western District of Oklahoma and elsewhere,

---------------------------- **JUAN HERNANDEZ FLORES and**
**JESSICA GUADALUPE MARTINEZ** --------------------------

knowingly and intentionally combined, conspired, confederated, and agreed with each other and with others, both known and unknown to the Grand Jury, including UCC1, to interdependently conduct financial transactions affecting interstate and foreign commerce in violation of Title 18, United States Code, Section 1956(h), namely:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, both specified unlawful activities, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, the felonious buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, both specified unlawful activities, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means, among others:

1. During the period of the conspiracy, UCC1 was a high-ranking member of a drug-trafficking organization (the "DTO") based in Mexico. This organization was responsible for importing methamphetamine from Mexico into the United States, distributing that methamphetamine throughout Oklahoma, and collecting drug proceeds for

return to Mexico.

2. One way in which the DTO sent drug proceeds back to Mexico was via international wire remitter services, including Maxi, Pangea, and Western Union.

3. As part of the conspiracy, **JUAN HERNANDEZ FLORES** and **JESSICA GUADALUPE MARTINEZ** would, on behalf of UCC1, accept drug payments from UCC1's customers via Cash App. Often times, these payments for drugs already constituted drug proceeds and were sent to **JUAN HERNANDEZ FLORES** and **JESSICA GUADALUPE MARTINEZ** in order to conceal the nature, location, source, ownership, and control of the drug proceeds.

4. After accepting the payments for drugs, **JUAN HERNANDEZ FLORES** and **JESSICA GUADALUPE MARTINEZ** sent those drug proceeds, on behalf of UCC1, to UCC1's family and trusted associates in Mexico—such as Unindicted Coconspirator 2 (UCC2) and Unindicted Coconspirator 3 (UCC3)—in order to conceal the nature, location, source, ownership, and control of the drug proceeds.

The Grand Jury incorporates by reference all statements and allegations contained in Counts 1 and 29 through 41 inclusive, as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 29–31**
**(Domestic Concealment Money Laundering)**

On or about the dates set forth below, within the Western District of Oklahoma,

---------------------------------- **JUAN HERNANDEZ FLORES** ----------------------------------

did knowingly conduct and attempt to conduct, and aid and abet the conducting of, financial transactions affecting interstate and foreign commerce, specifically, the electronic

payments described below, which involved the proceeds of a specified unlawful activity, that is the felonious receiving, buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Financial Transaction |
|---|---|---|---|
| **29** | 9/22/22 | $1,500 | Payment via Cash App |
| **30** | 9/22/22 | $500 | Payment via Cash App |
| **31** | 9/23/22 | $500 | Payment via Cash App |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and Title 18, United States Code, Section 2.

**<u>COUNTS 32–34</u>**
**(International Concealment Money Laundering)**

On or about the dates set forth below, in the Western District of Oklahoma,

---------------------------------- **JUAN HERNANDEZ FLORES** ------------------------------

knowingly transported, transmitted, and transferred funds, and aided, abetted, and willfully caused the transport, transmitting, and transfer of funds, as set forth below, from a place in the United States to a place outside the United States, knowing that the funds involved in the transportation represented the proceeds of a specified unlawful activity, that is the felonious receiving, buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and

knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activities.

| Count | Date | Payee | Amount | Financial Transaction |
|---|---|---|---|---|
| **32** | 10/6/22 | UCC2 | $800 | Wire Transfer to Mexico |
| **33** | 3/17/23 | UCC3 | $800 | Wire Transfer to Mexico |
| **34** | 4/23/23 | UCC3 | $980 | Wire Transfer to Mexico |

All in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i) and Title 18, United States Code, Section 2.

**COUNTS 35–36**
**(Domestic Concealment Money Laundering)**

On or about the dates set forth below, within the Western District of Oklahoma,

----------------------------- **JESSICA GUADALUPE MARTINEZ** --------------------------

did knowingly conduct and attempt to conduct, and aid and abet the conducting of, financial transactions affecting interstate and foreign commerce, specifically, the electronic payments described below, which involved the proceeds of a specified unlawful activity, that is the felonious receiving, buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Financial Transaction |
|---|---|---|---|
| **35** | 10/28/22 | $1,000 | Payment via Cash App |
| **36** | 10/28/22 | $1,000 | Payment via Cash App |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Title 18, United States Code, Section 2.

**COUNTS 37-41**
**(International Concealment Money Laundering)**

On or about the dates set forth below, within the Western District of Oklahoma,

----------------------------- **JESSICA GUADALUPE MARTINEZ** ---------------------------

knowingly transported, transmitted, and transferred funds, and aided, abetted, and willfully caused the transport, transmitting, and transfer of funds, as set forth below, from a place in the United States to a place outside the United States, knowing that the funds involved in the transportation represented the proceeds of a specified unlawful activity, that is the felonious receiving, buying, selling, and dealing in controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activities.

| Count | Date | Payee | Amount | Financial Transaction |
|---|---|---|---|---|
| **37** | 7/14/22 | UCC3 | $960 | Wire Transfer to Mexico |
| **38** | 10/29/22 | UCC2 | $800 | Wire Transfer to Mexico |
| **39** | 6/4/23 | UCC3 | $999 | Wire Transfer to Mexico |
| **40** | 6/24/23 | UCC3 | $1,500 | Wire Transfer to Mexico |
| **41** | 7/15/23 | UCC3 | $2,500 | Wire Transfer to Mexico |

All in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i) and Title 18, United States Code, Section 2.

## FORFEITURE

The allegations contained in this Superseding Indictment are hereby re-alleged and incorporated for the purpose of alleging forfeiture.

Upon conviction of the offense alleged in Count 1 of this Superseding Indictment, **DENIS LEAL GUTIERREZ** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

Upon conviction of the offense alleged in Count 1 of this Superseding Indictment, **CESAR AZAMAR AGUILAR** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

Upon conviction of any of the offenses alleged in Counts 1, 4, 6, 8, 12, 14, 16, and 18 of this Superseding Indictment, **MICHAEL J. ESTRADA** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1, 2, 3, 5, 7, 9, 10, 11, 13, and 15 of this Superseding Indictment, **RAY DAVID LARA, JR.**, shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1, 3, 15, and 23 of this Superseding Indictment, **ADRIAN PEREZ** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 24 and 25 of this Superseding Indictment, **ADRIAN PEREZ** shall forfeit to the United States any and all firearms and ammunition involved in the commission of the offense(s).

Upon conviction of any of the offenses alleged in Counts 1, 15, 17, and 19 of this Superseding Indictment, **JOSE ALFREDO EQUIHUA** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1, 5, 7, and 9 of this Superseding Indictment, **HERIBERTO DOÑAN OCHOA** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1, 5, 7, 10, 11, 13, 15, 17, and 19 of this Superseding Indictment, **EDGAR RODRIGUEZ ONTIVEROS** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1, 5, 7, 9, 10, and 11 of this Superseding Indictment, **LUIS ALBERTO ROJAS PRECIADO** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1 and 20 of this Superseding Indictment, **ADAN GARCIA MIRANDA** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1 and 20 of this Superseding Indictment, **JORGE RAUL VEGA GARCIA** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of any of the offenses alleged in Counts 1 and 21 of this Superseding Indictment, **PHILLIP RAY HOWARD** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of the offense alleged in Count 22 of this Superseding Indictment, **PHILLIP RAY HOWARD** shall forfeit to the United States any and all firearms and ammunition involved in the commission of the offense.

Upon conviction of any of the offenses alleged in Counts 1 and 26 of this Superseding Indictment, **BRAULIO PADILLA** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s).

Upon conviction of the offense alleged in Count 27 of this Superseding Indictment, **BRAULIO PADILLA** shall forfeit to the United States any and all firearms and ammunition involved in the commission of the offense.

Upon conviction of any of the offenses alleged in Counts 28 through 34 of this Superseding Indictment, **JUAN HERNANDEZ FLORES** shall forfeit to the United States any property, real or personal, involved in such offense(s), and any property traceable to such property.

Upon conviction of any of the offenses alleged in Counts 28 and 35 through 41 of this Superseding Indictment, **JESSICA GUADALUPE MARTINEZ** shall forfeit to the United States any property, real or personal, involved in such offense(s), and any property traceable to such property.

The property subject to forfeiture includes, but is not limited to:

1. 6514 E Texas Road, Edinburg, Texas, more specifically described as: Lot One (1), TEXAS TOWER ESTATES, Hidalgo County, Texas, according to the map or plat thereof recorded under Document No. 3054882, Map Records of Hidalgo County, Texas;

2. approximately $1,001.00 in U.S. currency, seized from 980801 S. Stage Coach Drive, Wellston, Oklahoma;

3. approximately $366.00 in U.S. currency, seized from 980801 S. Stage Coach Drive, Wellston, Oklahoma;

4. approximately $6,000.00 in U.S. currency, seized from 1508 SW 79th Terrace, Oklahoma City, Oklahoma;

5. approximately $1,000.00 in U.S. currency, seized from 1508 SW 79th Terrace, Oklahoma City, Oklahoma;

6. approximately $3,216.11 in U.S. currency, seized from 17500 Midnight Drive, Newalla, Oklahoma;

7. approximately $1,800.00 in U.S. currency, seized from 17500 Midnight Drive, Newalla, Oklahoma;

8. approximately $4,000.00 in U.S. currency, seized from 1520 SW 25th Street, Oklahoma City, Oklahoma;

9. approximately $3,858.23 seized from Lone Star National Bank account number XXXXXX2129 in the name of Dare Express LLC, maintained by Lone Star National Bank, 600 East Nolana Avenue, McAllen, Texas 78504;

10. a black 2015 Freightliner Cascadia CA125SLP Sleeper Semi Truck, bearing VIN 1FUJGLBG0FLGN1661;

11. an 2023 Cargo Craft 5x8 Elite V Nose Enclosed Cargo Trailer, bearing VIN 4D6EB0815PC063870;

12. a TCM Armscor Precision, model M1911-A2 FS, 9mm caliber pistol, bearing serial number TCM 044272;

13. a Ruger, model 10/22, 22LR caliber rifle, bearing serial number 254-31654, with attached Tasco red dot scope BKRD 30/22;

14. a Stoeger, model P3000, 12-gauge shotgun, bearing serial number 1828230;

15. a Remington, model 710, 30-06 caliber rifle, bearing serial number 71264697, with attached Luepold scope, sleeve, sling, and stock ammo holder;

16. a Ruger, model M77 Hawkeye, .243 caliber rifle, bearing serial number 711-76591, with attached BDC Nikon scope, leather strap and stock ammo holder;

17. a Weatherby, model Vanguard, .257 caliber rifle, bearing serial number VS398952, with attached Leupold VX31 scope;

18. a Davis Industries Derringer, model D038, .38 SPL caliber handgun, bearing serial number D113033;

19. a Hi-Point Arms, model 995, 9mm caliber rifle, bearing serial number F80566, with attached scope, strap, and IProtect Laser and Handle;

20. an SCCY, model CPX-2, 9mm caliber handgun, bearing serial number 656297;

21. a Taurus, model G2C, 9mm caliber pistol, bearing an obliterated serial number;

22. a Davis Industries, model P-380, .380 caliber pistol, bearing serial number AP323523;

23. a Canik, model TP9DA, 9mm caliber pistol, bearing serial number T6472-20BJ04646;

24. a Heritage, model Rough Rider, .22LR caliber revolver, bearing serial number G11604;

25. a Marlin, model 60, .22LR caliber rifle, bearing serial number 97465651, with attached scope;

26. a Marlin, model 60, .22LR caliber rifle, bearing serial number MM23298I; and

27. any and all ammunition and magazines not specifically listed.

All pursuant to Title 18, United States Code, Section 924(d); Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

NICK COFFEY
Assistant United States Attorney